MARTIN W. JUDNICH
Marty@judnichlaw.com
NATHAN HULLING
Nathan@judnichlaw.com
Judnich Law Office
501 S. Russell Street
Missoula, MT 59801
(406) 721-3354
(406) 721-3783   fax

Attorneys for Defendant
Joshua Clause

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>- vs-<br><br>JOSHUA CLAUSE<br><br>Defendants. | Cause No. **CR-18-101-BLG-SPW-02**<br><br>**DEFENDANT'S BRIEF RE: MOTION TO SUPPRESS EVIDENCE.** |

COMES NOW, the Defendant by and through counsel of record, the Judnich Law Office, and files the Defendant's Brief in Support of the Defendant's Motion to suppress evidence for lack of probable cause to initiate an investigatory stop.

BACKGROUND FACTS

On June 27, 2018 Trooper Kipela of the Montana Highway Patrol was parked and viewing traffic when Trooper Kipela initiated an investigatory stop of the Defendant's vehicle. Trooper Kipela has testified via affidavit that the only reason for the investigatory stop of the vehicle, was that he believed it was

following too closely to the vehicle in front of it. The vehicle appropriately pulled over after Trooper Kipela activated his overhead lights and Trooper Kipela made contact with the occupants of the vehicle. After approaching the vehicle, Trooper Kipela smelled what he believed to be marijuana in the vehicle, and subsequently seized the vehicle and searched the vehicle, discovering alleged illegal substances within the vehicle. Further facts are not relevant to the legal issue presented in this Motion.

## ARGUMENT

### I. TROOPER KIPELA DID NOT HAVE PARTICULARIZED SUSPICION OF A TRAFFIC VIOLATION TO SUPPORT AN INVESTIGATORY STOP OF THE VEHICLE.

The Fourth Amendment to the United States Constitution and Article II, Section 11, of the Montana State Constitution protect against unreasonable searches and seizures, including brief investigatory stops of vehicles. *State v. Elison*, 2000 MT 288, ¶ 15, 302 Mont. 228, ¶ 15, 14 P.3d 456, ¶ 15. The United States Supreme Court has recognized an exception to the general warrant requirement of the Fourth Amendment, pursuant to which a law enforcement officer can make an investigatory stop of a motor vehicle without probable cause when the State can establish: (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting "particularized suspicion" that the occupant of the vehicle is or has been engaged in wrongdoing or was a witness to

criminal activity. *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). The Montana Supreme Court adopted the Cortez holding in *State v. Gopher*, 193 Mont. 189, 194, 631 P.2d 293, 296 (1981); *State v. Gilder*, 295 Mont. 483, ¶ 10, 985 P.2d 147, ¶ 10 (1999). The Montana Supreme Court reinforced this standard and dismissed a criminal case where a police officer failed to have cause to investigate, as in this case. *See State v. Hoover*, 2017 Mont 236, 2017 WL 4173472. In *Hoover* the Montana Supreme Court held, an officer with only a generalized suspicion of a crime does not rise to the level of particularized suspicion, resulting in the inability to circumvent an individuals constitutional rights. *Hoover* ¶30.

In this case, Trooper Kipela lists the only reason for conducting an investigatory stop was that the Defendant's vehicle was "following too closely" which is listed in the Montana Traffic Code under Mont. Code Ann. § 61-8-329. That statute states:

(1) The driver of a motor vehicle may not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of the vehicles and the traffic upon and the condition of the roadway.

Trooper Kipela's onboard dash camera recorded the driving behavior observed through the windshield of Trooper Kipela's vehicle. Snapshots of this interaction show the Defendant's vehicle behind a commercial vehicle.



(Commercial vehicle, with Defendant's vehicle following)

The distance between the commercial vehicle and the Defendant's vehicle appears to be reasonable and prudent for highway speeds and allowed a vehicle in the adjoining lane to safely pass both vehicles.



The above picture, shows the tail end of the commercial vehicle, with another truck passing the Defendant's vehicle in the passing lane. The distance between the tail end of the commercial vehicle (the vehicle in front of the Defendant's vehicle), and the front of the Defendant's vehicle appears to be reasonable.



1337@D511
M
06/27/2018 18:54:59
1280x720 4Mbps

This final screenshot of the Trooper's dash camera clearly shows the Defendant's Red SUV vehicle at a distance behind the commercial vehicle that is longer than the quad cab sized truck passing both vehicles in the adjoining lane. Thus, the distance between the Defendant's vehicle and the vehicle in front of it, is more than a vehicle's length, and appears to be reasonable under the clear conditions. Absent additional objective facts observed by the Trooper, the video evidence in

this case suggests the investigatory stop was not supported by particularized suspicion of a crime.

The facts of this case are analogous to several cases in which questionable driving behaviors observed by police officers were insufficient to allow for particularized suspicion to justify a traffic stop. *See State v. Lafferty,* 1998 MT 247, 291 Mont. 157, 967 P.2d 363 (crossing the fog line twice and driving on it once was insufficient, without other relevant circumstances, for particularized suspicion); *Morris v. State,* 2001 MT 13, 304 Mont. 114, 18 P.3d 1003 (merely "drifting" over the fog line with no other evidence of speeding or erratic driving insufficient for particularized suspicion); *State v. Reynolds,* 272 Mont. 46, 899 P.2d 540 (1995)(driving which was "bordering on traveling too fast" and waiting too long at an intersection with no traffic laws broken insufficient for particularized suspicion). As the Trooper failed to have particularized suspicion of the Defendant's vehicle following more closely than is reasonable to the vehicle in front of it, without additional objective facts, fails to rise to the level of suspicion to conduct an investigatory stop, and was thus unlawful.

## II.   UNDER THE FRUIT OF THE POISONOUS TREE DOCTRINE, ALL EVIDENCE OBTAINED AS A RESULT OF THE UNLAWFUL STOP IS TAINED AND MUST BE EXCLUDED FROM TRIAL BY THE COURT.

It is well established that evidence obtained as a result of unlawful conduct by the Government should be excluded from evidence as tainted fruit of the

unlawful conduct. *Wong Sun v. U.S.*, 371 U.S. 471, 83 S.Ct. 407 (1963). As in this case, because no particularized suspicion existed to warrant an investigatory stop of the vehicle, all evidence derived from the contact during that stop must be excluded from evidence. It was only upon the Trooper stopping the vehicle and having close contact with the vehicle that lead the Trooper to seize the vehicle and ultimately search it and discovery alleged illegal substances. There does not appear to be any distinguishable conduct that would have otherwise lead to the discovery of this evidence to purge it of the primary taint. *See United States v. Cella*, 568 F.2d 1266, 1284-87 (9th Cir. 1977).

For these reasons, under the *Wong-Sun* analysis, this Court should exclude all evidence obtained by law enforcement subsequent to the investigatory stop of the Defendant's vehicle.

DATED this 28th  day of August, 2018.

By:  /s/ *Martin W. Judnich*
Martin W. Judnich
Attorney for Defendant

**CERTIFICATE OF SERVICE**
**L.R. 1.4(c)(2)**

I hereby certify that on the 29th day of August, 2018, a true copy of the foregoing document was served on the following persons by the following means:

1,2     CM-ECF

_____     Hand Delivery

_____     Mail

_____     Fax

3     E-mail

       1.      Clerk, United States District Court

       2.      Colin Rubich
              Assistant United States Attorney
              Counsel for the United States of America


                         /s/ Martin Judnich
                         Judnich Law Office