**SELVEY LAW FIRM, L.L.C.**
L. Sanford Selvey, II
316 N. 33rd Street
Billings, MT  59101
Telephone: (406) 252-7503
Fax:  (406) 252-4074

selveylaw@gmail.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No: CR 18-101-BLG-SPW |
| Plaintiff, | ) | |
| | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| vs. | ) | |
| | ) | |
| JOE ROY MICHAEL, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW, Defendant Joe Roy Michael, by and through his attorney of record, L. Sanford Selvey II and hereby provides to the Court the following Sentencing Memorandum for use in determining an appropriate sentence in this case.

**Unresolved Objection to PSR**

In the present case, based upon a total offense level of 35 and a criminal history category of III, Defendant agrees that the advisory guideline range is 210 to 262 months.

**Consideration of Section 3553 factors.**

Section 3553(a) requires a sentencing court to consider the following factors in imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established [by the sentencing guidelines] ...;

(5) any pertinent policy statement [issued by the Sentencing Commission] ...;

(6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)   the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

District courts have discretion in determining sentences according to the provisions of 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, at 259-60(2005).  The fundamental consideration for the Court in sentencing is the directive that the court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes [of sentencing]."18 U.S.C. §3553(a)(e). This primary directive requires the Court to impose the least severe sentence necessary to satisfy the four purposes of sentencing - punishment, deterrence, protection of the public and rehabilitation.  18 U.S.C. §3553(2)(A-D).

**<u>Sentencing Recommendation</u>**.

In the present case, Michael respectfully requests that this Court impose a sentence of 120 months. The leader-manager of the conspiracy, Joshua Clouse was looking at an advisory guideline range of 262 to 327 months and he had a criminal history category of IV.  The sentence he received, based upon the recommendation of the Government, was for fifteen years (180) months, (120 months drug distribution plus a 60 - month consecutive sentence for a second conviction of a § 924(c)).

It is anticipated the Government will be asking this Court to impose the same sentence as received by Joshua Clouse.  However, Michael has a criminal history category of III and was not convicted of a second violation of 18 U.S.C. § 924(c)(1)(a)(i).  Furthermore, his culpability is significantly less than that of co-defendant Joshua Clouse. Receiving the same sentence as Joshua Clouse, under the facts of this case, would be unjust.

Therefore, based upon the foregoing, and based upon the reasons that will be provided at sentencing, it is respectfully suggested a sentence of 120 months avoids an unwarranted sentencing disparity and provides a sentence that is sufficient, but not greater than necessary to serve the multiple purposes of sentencing.

RESPECTFULLY SUBMITTED this 27th day of July, 2019.

By:  /s/ L. Sanford Selvey, II
     L. Sanford Selvey, II
     SELVEY LAW FIRM, L.L.C.

     Attorney for Defendant